## SUPREME COURT.

FREDERICK H. GREEN agt. C. LIPPINCOTT and another.

*Demurrer to complaint for non-joinder of parties defendant.*

Where the complaint alleged that there were " other individuals compris-
ing the firm of J. B. Lippincott & Company " besides the two persons
made defendant, *held,* that the other partners are necessary parties,
and that to render the omission to make them parties available on
demurrer, the defect appearing on the face of the complaint, it was not
necessary that it should also appear that the other parties were living.

DEMURRER to complaint.

*Special Term, February,* 1877.

*Mr. Edward Patterson,* for demurrer.

*Mr. R. M. Brown,* opposed.

VAN VORST, *J.* — The statement in the complaint is, in
substance, that there are " other individuals comprising the
firm of J. B. Lippincott & Company " other than the two
defendants named.

As the suit is brought for the alleged breach of a contract
made by the copartners with the plaintiff, the other partners
are necessary parties, and the omission to make them defend-
ant is a good ground of demurrer, the defect appearing on
the face of the complaint.

To make the ground of demurrer available it was not
necessary that it should appear in the complaint that the

Green agt. Lippincott.

other partners were living (*Burgess* agt. *Abbott*, 6 *Hill*, 135 ; *Eaton* agt. *Balcom*, 33 *How.*, 81 ; *Code*, sec. 144, *sub.* 4).

As to the defect of parties defendant the demurrer is well taken, but I do not regard the objection that several causes of action have been improperly joined as well taken. The cause of action seems to be entire and to rest upon the breach of the contract.

The matter in regard to the retention by the defendants of the books, I do not consider a statement of an independent cause of action. It may, however, add to the defendants' damages for the breach.

The first cause of demurrer is sustained, but the second is overruled.

The plaintiff is at liberty to amend, upon payment of costs.